Chief Judge Desmond (concurring).
I vote to reverse but not on the narrow—and, I think, erroneous — ground that the affidavits on -which, the wire-tap orders were granted were inadequate. These affidavits not only comply in all respects with the requirements of section 813-a of the Code of Criminal Procedure but, also, they are no less specific than the affidavit which we refused to hold insufficient in People v. Pugach (16 N Y 2d 504). Affidavits like these are apparently in common use (see the one which appears in the record on appeal in People v. Betts, 297 N. Y. 1000 and see the suggested form of affidavit at page 847 of Gilbert Criminal Code and Penal Law, 1965 ed.). Incidentally, in the only decision on the question (People v. O’Keefe, 306 N. Y. 619), we held that when wire-tapped evidence is offered at a criminal trial the defendant may inquire as to whether there was a wire-tap order but -cannot go behind it by examining the supporting affidavit. The reason for the O’Keefe holding was, I suppose, that a Judge before issuing a wire-tap order must, under 813-a, examine both the applicant and any other witness produced by him and the Judge must “ satisfy himself of the existence of reasonable grounds for the granting of such application.” It is not to be presumed in the present or any other case that a Justice of the Supreme Court of the State has failed to perform this duty.
My ground for reversal is fundamental, not merely procedural. In Benanti v. United States (355 U. S. 96 [1957]) the United States Supreme Court unanimously ruled that the giving in court of testimony as to wire-tapped conversations is a crime under section 605 of the Federal Communications Act. We should not sanction the commission of such crimes in our courtrooms. Furthermore, I stand by what I said a few months ago in Siegel v. People (16 N Y 2d 330). Any compulsory production of evidence by a party against himself with or without physical entry into his property is a violation of the Fourth and Fifth Amendments to the Federal Constitution (Boyd v. United States, 116 U. S. 616; Silverman v. United States, 365 U. S. 505 *162 and cases cited). And there is another unanswerable constitutional objection to wire tapping and to the use of wire-tapped evidence. Before the Fourth Amendment (see Entick v. Carrington, 19 Howell’s State Trials 1029 [1765]) it was the law, and it has always been the law under the Fourth Amendment (Gouled v. United States, 255 U. S. 298, 309; Boyd v. United States, supra), that even a search under a warrant is unlawful, if “ used as a means of gaining access to a man’s house or office and papers solely for the purpose of making search to secure evidence to be used against him in a criminal or penal proceeding, ’ ’ and that no search is valid except for the seizure of specific property, not evidence. Wire tapping by its very nature can never be anything but a search for evidence. Nevertheless, our wire-tapping statute (Code Grim. Pro., § 813-a) as well as section 12 of article I of the State Constitution specifically authorizes the tapping of telephones to obtain ‘ ‘ evidence of crime ’ ’ and the very affidavits on which the wire-tap orders in this case were granted allege that the wire tapping is to be done to obtain " evidence of crime ’ ’. I cannot in conscience depart from the views which three of us expressed in dissent in People v. Dinan (11 N Y 2d 350). All wire tapping violates both the Fourth and Fifth Amendments to the Federal Constitution.
Judges Van Voorhis, Burke, Scileppi and Keating concur with Judge Bergan; Chief Judge Desmond and Judge Ftjld concur in separate opinions.
Judgments reversed, etc.